#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WOOD<br>37 Pinehurst Drive<br>Atco, NJ 08004 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.: |
| v. | : <br> : | |
| BENSALEM PARK<br>MAINTENANCE, LTD.<br>3001 Street Road<br>Bensalem, PA 19020<br>     and<br>GREENWOOD GAMING AND<br>ENTERTAINMENT, INC.<br>d/b/a PARX CASINO<br>3001 Street Road<br>Bensalem, PA 19020 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : | |

## CIVIL ACTION COMPLAINT

Kevin Wood (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Bensalem Park Maintenance, Ltd. and Greenwood Gaming and Entertainment d/b/a Parx Casino (*hereinafter* collectively referred to as "Defendants") of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et seq.*), the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et.*

1

*seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's future state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADA (in part) after properly exhausting all administrative remedies with respect to such claims by timely filing Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address set forth in the caption.

8. Defendant Bensalem Park Maintenance, Ltd. is a limited company that provides personnel and management for racetrack operations for facilities, valet, cleaning, maintenance, and certain trade positions. Defendant Bensalem Park Maintenance, Ltd. is headquartered at the address set forth in the above caption.

9. Defendant Greenwood Gaming and Entertainment, Inc. d/b/a Parx Casino is a corporate horse racing venue and casino gaming complex located in the Eastern District of Pennsylvania. Defendant Greenwood Gaming and Entertainment, Inc. d/b/a Parx Casino is headquartered at the address set forth in the above caption.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted, at all times relevant herein, in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. In or about 2011, Plaintiff commenced his employment with Defendants and was employed on and off with them for several years.

14. However, on or about November 23, 2019, Plaintiff commenced his last continuous period of employment with Defendants as a Maintenance Facilities Technician.

15. Plaintiff remained in the Maintenance Facilities Technician position (discussed *supra*) until his unlawful termination on or about May 5, 2023.

16. At the time of his unlawful termination from Defendants, Plaintiff was supervised by Director of Facilities – Steve Strunk (*hereinafter* "Strunk"), Night Supervisor – Aaron Kidd (*hereinafter* "Kidd"), and Foreman – Steve Butler (*hereinafter* "Butler").

17. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to, Crohn's Disease and associated complications.

18. As a result of his aforesaid disabilities, Plaintiff has undergone multiple surgeries related to his disabilities over the last several years (including throughout 2020-2023) and is (at times) limited in his ability to perform some daily life activities, including but not limited to, working, normal bowel function, and other life activities.

19. Despite his aforesaid health conditions and limitations, Plaintiff was able to perform the duties of his job with Defendants; however, he did require reasonable accommodations, including but not limited to, ADA and FMLA-qualifying intermittent and block leave of absences as well as light duty for short periods of time following his aforesaid surgeries.

20. At all times relevant herein, Plaintiff apprised Defendants' management of his medical conditions, limitations, and requests for reasonable accommodations (discussed *supra*).

21. By way of background, on or about April 29, 2019, Plaintiff underwent ileostomy surgery wherein an ostomy bag was surgically placed into Plaintiff's stomach.

22. Following said ileostomy surgery, Defendants' employees began subjecting Plaintiff to overt disability discrimination and a hostile work environment. By way of example, but not intended to be an exhaustive list:

    i. Defendants' employees treated Plaintiff in a rude and condescending manner;

    ii. Defendants' employees laughed at Plaintiff and referred to his ostomy bag as a "shit bag;"

    iii. Maintenance Facilities Technician, Christopher Ranoldi (*hereinafter* "Ranoldi") purposefully dropped a 2x6 piece of wood on Plaintiff's ostomy bag, causing it to break open. Ranoldi thereafter laughed at Plaintiff and stated, "now you've got shit all over you;" and

    iv. Shop Steward, Timmy Malmrose (*hereinafter* "Malmrose") made comments such as "I don't want to lift things with you because it's going to break and I'm going to get shit on me" and "how are you supposed to do your job with a shit bag on your stomach."

23. The foregoing hostile and discriminatory treatment (discussed *supra*) are merely examples of the horrible treatment Plaintiff was subjected to on account of his disabilities; however, such treatment continued unabated until the date of his unlawful termination.

24. On or about May 4, 2021, following one of Plaintiff's surgeries, his physician permanently restricted him from lifting over fifty (50) pounds. Plaintiff immediately apprised Defendants' management of said restriction.

25. Following the aforesaid fifty (50) pound weightlifting restriction (discussed *supra*), Defendants allowed Plaintiff to continue working in his position without issue as it had **no impact** on his ability to perform the essential functions of the job.

26. On or about January 6, 2023, Plaintiff required another surgery related to his disabilities. On said date, Plaintiff commenced a block ADA and FMLA-qualifying leave of absence until on or about January 13, 2023.

27. Upon his return to work on or about January 13, 2023, Plaintiff's physician placed him on one (1) week of light duty, restricting him from lifting over ten (10) pounds that expired on or about January 20, 2023.

28. Thereafter, on or about April 12, 2023, Plaintiff was admitted to the hospital due to associated complications with his aforesaid disabilities.

29. Plaintiff informed Defendants' management that he was in the hospital and requested an ADA and FMLA qualifying leave of absence until on or about April 14, 2023.

30. Just three (3) weeks following Plaintiff's last request for reasonable accommodation, on or about May 5, 2023, Malmrose abruptly terminated Plaintiff's employment, claiming that Plaintiff's health conditions allegedly prevented him from performing his job with Defendants.

31. Specifically, Jason Benner (*hereinafter* "Benner"), Carpenter, informed Plaintiff that the reason his employment was terminated was because he could not lift over ten (10) pounds; however, the same is patently false.

32. In response thereto, Plaintiff informed Defendants that he was able to lift up to fifty (50) pounds.

33. Upon Plaintiff's rebuttal to Defendants' initial reason for his termination, Defendants' management shifted their reason for his termination to write-ups and warnings related to his attendance over the last several months.

34. However, Defendants' management was well aware that the majority, if not all, of Plaintiff's absences were related to his disabilities.

35. Moreover, Plaintiff was never warned about his attendance verbally and/or in writing prior to his termination.

36. Rather than engage in the interactive process and accommodate Plaintiff's disabilities with intermittent leave, block leave, and occasional light duty under the ADA, Defendants considered and counted said absences against him in making the decision to terminate his employment.

37. At no time after Plaintiff became eligible for FMLA did Defendants' management apprise him of his rights under the FMLA.

38. Plaintiff believes and therefore avers that the reason(s) for his termination are pretextual because: (1) Plaintiff did not have a lifting restriction of ten (10) pounds on the date of his termination; (2) after apprising Defendants' management that Plaintiff did not have a ten pound lifting restriction, Defendants shifted their reason for his termination to attendance; (3) Defendants never provided Plaintiff with documented warnings regarding his alleged attendance deficiencies; and (4) Defendants terminated Plaintiff just three (3) weeks following his last request for reasonable accommodations.

## COUNT I
## Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1[Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities, including but not limited to, normal bowel function, working, and performing manual tasks (among other daily life activities).

41. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants; however, Plaintiff did require reasonable accommodations at times.

42. Plaintiff kept Defendants' management informed of his serious medical conditions and need for medical treatment and other accommodations, such as intermittent and block time off as well as "light duty" for short periods of time following his aforesaid surgeries (discussed *supra*).

43. While some of Plaintiff's previously referenced accommodation requests were granted, Plaintiff was subjected to discrimination and retaliation through disparate/discriminatory treatment because of his disabilities and/or requests for accommodations, ultimately resulting in his termination on or about May 5, 2023.

44. Plaintiff was given various reasons for his termination, including that he could not perform his job (which was false) and because of his attendance over the last several months of his employment (even though Defendant's management knew that the majority, if not all, of Plaintiff's absences were related to his disabilities).

8

45. Based on the foregoing, Plaintiff believes and therefore avers that his [1] actual disabilities; [2] perceived disabilities; and/or [3] record of impairment were motivating or determinative factor(s) in Defendants' decision to terminate his employment.

46. In addition, Plaintiff believes and avers that he was terminated in retaliation for requesting reasonable accommodations under the ADA.

47. Finally, Plaintiff believes and avers that Defendants failed to engage in the interactive process and accommodate his disabilities.

48. In fact, one of the reasons provided by Defendants for Plaintiff's termination was his attendance over the last several months of his employment. Therefore, admittedly, Defendants counted absences related to Plaintiff's disabilities against him in making the decision to terminate him rather than accommodate him.

49. These actions as aforesaid constitute violations of the ADA.

## COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
([1[Interference and [2] Retaliation)

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C.A. § 2611(a)(i)(ii).

52. Plaintiff took FMLA-qualifying leaves of absences from Defendants, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

53. Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment prior to his last request for medical leave.

54. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

55. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

56. Defendants committed interference and retaliation violations of the FMLA by: (1) taking actions towards Plaintiff that would dissuade a reasonable person from exercising their rights under the FMLA; (2) considering Plaintiff's FMLA needs and/or time off in making the decision to terminate his employment; (3) counting FMLA-qualifying absences against Plaintiff in making the decision to terminate him; (4) terminating Plaintiff's employment in order to prevent him from using FMLA qualifying leave in the future; and (5) failing to follow proper notice, designation, and informational regulations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 8, 2024

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Kevin Wood<br>v.<br>Bensalem Park Maintenance, LTD, et al. | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 1/8/2024 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __37 Pinehurst Drive, Atco, NJ 08004__

Address of Defendant: __3001 Street Road, Bensalem, PA 19020__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/8/2024__    _/s/ signature_    ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X]  Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ]  Relief other than monetary damages is sought.

DATE: __1/8/2024__    _/s/ signature_    ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WOOD, KEVIN

**DEFENDANTS**
BENSALEM PARK MAINTENANCE, LTD, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | 863 DIWC/DIWW (405(g)) | |
| 196 Franchise | | 385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | | | | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/8/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE